UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER A. REINOSO,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>ROBERT NEUSCHMID, Warden,<br><br>　　　　Respondent. | NO. CV 19-05304-SVW (AGR)<br><br>OPINION AND ORDER ON SECOND OR SUCCESSIVE PETITION |

　　　Because Petitioner previously challenged the same underlying state-court judgment in a prior habeas action that the Court dismissed with prejudice, and because Petitioner lacks Ninth Circuit authorization to file a second or successive habeas petition, the Court lacks jurisdiction over the Petition for Writ of Habeas Corpus.

# I.

# PROCEDURAL BACKGROUND

Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of the records in Petitioner's prior federal habeas corpus action in the Central District of California.

On April 8, 2010, a Los Angeles County Superior Court jury convicted Petitioner of second degree murder. (*Reinoso I*, Lodged Document ("LD") 7 at 169.)[1] On May 3, 2010, Petitioner was sentenced to 15 years to life to run consecutively to the sentence imposed on other counts in the first trial.[2] (*Id.*, LD 7 at 182; Case No. BA260255.)

On November 3, 2011, the California Court of Appeal affirmed the judgment. (*Id.*, LD 2; Case No. B225326.) On January 11, 2012, the California Supreme Court denied review. (*Id.*, LD 4; Case No. S198305.) On November 13, 2013, the California Supreme Court summarily denied Petitioner's state habeas petition. (*Id.*, LD 6; Case No. S212792.)

On March 7, 2013, Petitioner filed a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") before this court in *Reinoso v. Spearman*, CV No. 13-01627-SVW (AGR) (C.D. Cal. Jan. 4, 2016) ("*Reinoso I*"). Petitioner raised three grounds for relief: (1) the trial court erred by not allowing him to present a defense of diminished capacity; (2) ineffective assistance of trial

---

[1] Information from this section obtained from the magistrate judge's Report and Recommendation in *Reinoso v. Spearman*, CV No. 13-01627-SVW (AGR) (C.D. Cal. Jan. 4, 2016). (Dkt. No. 33 at 2.)

[2] The second degree murder conviction at issue occurred on retrial. Previously, Petitioner pled no contest to charges of grand theft auto and unlawfully taking or driving a vehicle. A jury convicted him of second degree murder, driving under the influence causing injury and with a blood alcohol level in excess of .08 percent, misdemeanor hit and run driving, and driving with a suspended license. The California Court of Appeal reversed the murder conviction due to error in excluding expert psychological testimony on Petitioner's mental defects. In all other respects, the judgment was affirmed. (LD 2 at 2 n.1.)

counsel based on failure to prepare expert witness; and (3) prosecutorial misconduct based on improper emotional appeal during closing arguments. (*Reinoso I*, Dkt. No. 1 at 4-5.)  Respondent filed an answer. (*Id.*, Dkt. No. 30.) Petitioner did not file a traverse.

On February 11, 2015, the magistrate judge issued a Report and Recommendation ("Report") finding that Petitioner was not entitled to relief on any of the grounds raised and recommended that judgment be entered denying the Petition and dismissing the action with prejudice. (*Id.*, Dkt. No. 33 at 16.)

On January 4, 2016, the district court entered an order accepting the Report and entered judgment denying the Petition and dismissing the action with prejudice. (*Id.*, Dkt. Nos. 36-37.)  On that same day, the district court entered an order denying Petitioner's request for a Certificate of Appealability. (*Id.*, Dkt. No. 38.)

On August 15, 2018, Petitioner filed a habeas petition in the California Supreme Court, which subsequently denied the petition on January 23, 2019. (Case No. S250625.)[3]

On June 12, 2019, Petitioner filed the instant Petition before this court in *Reinoso v. Neuschmid*, CV No. 19-05304-SVW (AGR) (C.D. Cal. June 12, 2019) ("*Reinoso II*").  Petitioner raised two grounds for relief: (1) the underlying felony of driving under the influence merged with the homicide and the trial court failed to properly instruct the jury; and (2) California's Second Degree Murder statute pursuant to Cal. Penal Code Section 189 is unconstitutional under *Johnson v. United States*, 135 S.Ct. 2551 (2015). (*Reinoso II*, Dkt. No. 1 at 9-18.)

---

[3] Case information accessible on California Appellate Courts Case Information website at:
https://appellatecases.courtinfo.ca.gov/search/case/mainCaseScreen.cfm?dist=0&doc_id=2260135&doc_no=S250625&request_token=NilwLSIkTkw5W1AtSCNNUEllUFg0UDxTJiJeXzhSICAgCg%3D%3D.

3

The Court takes judicial notice of the Ninth Circuit's public records database indicating that Petitioner has not received authorization from the Ninth Circuit to file a second or successive Petition in this court.

## II.
## **DISCUSSION**

The Petition was filed after enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Therefore, the Court applies the AEDPA in reviewing the Petition. *Lindh v. Murphy,* 521 U.S. 320, 336 (1997).

The AEDPA provides, in pertinent part: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). A district court does not have jurisdiction to consider a "second or successive" Petition absent authorization from the Ninth Circuit. *Burton v. Stewart*, 549 U.S. 147, 152 (2007).

The instant Petition is second or successive because it attacks the underlying conviction and sentence that Petitioner previously challenged in *Reinoso I*. On March 7, 2013, Petitioner filed a Petition in *Reinoso I* and raised the following three grounds for relief: (1) the 2005 trial court erred by not allowing Petitioner to present a defense of diminished capacity; (2) ineffective assistance of defense counsel based on failure to prepare expert witness during the retrial; and (3) prosecutorial misconduct on retrial. (*Reinoso I*, Dkt. No. 1 at 4-5.) On January 4, 2016, the district court entered an order accepting the Report and entered judgment denying the Petition and dismissing the action with prejudice. (*Id.*, Dkt. Nos. 36-37.) On that same day, the district court entered an order denying Petitioner's request for a Certificate of Appealability. (*Id.*, Dkt. No. 38.)

The instant Petition in *Reinoso II* challenges the same underlying judgment and robbery conviction. Petitioner raised two grounds for relief in the instant

Petition: (1) the felony conviction of driving under the influence from 2005 should have merged with the homicide conviction from 2010; and (2) California's Second Degree Murder statute pursuant to Cal. Penal Code Section 189 is unconstitutionally vague under *Johnson v. United States*, 135 S.Ct. 2551 (2015). (*Reinoso II*, Dkt. No. 1 at 9-18.)

A Petition is second or successive "if the facts underlying the claim occurred by the time of the initial petition" and "if the petition challenges the same state court judgment as the initial petition." *Brown v. Muniz*, 889 F.3d 661, 667 (9th Cir. 2018), *cert. denied, Brown v. Hatton*, 139 S.Ct. 841 (2019) (citing *Panetti v. Quarterman*, 551 U.S. 930, 945 (2007); *Magwood v. Patterson*, 561 U.S. 320, 332 (2010)). Thus, the Petition is second or successive.

A review of the Ninth Circuit's online database indicates that Petitioner has not received authorization from the Ninth Circuit Court of Appeals to file a second or successive Petition. *See Cooper v. Calderon*, 274 F.3d 1270, 1274 (9th Cir. 2001) ("When the AEDPA is in play, the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.") (citation and quotation marks omitted). Rule 9 of the Rules Governing Section 2254 Cases in the United States Courts provides that "[b]efore presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4)." The Court therefore dismisses the Petition as a second or successive Petition for which it lacks jurisdiction. The Clerk will be directed to send Petitioner a copy of Ninth Circuit Form 12 so that he can provide the necessary information to the Circuit for such an application.

## III.
## **ORDER**

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and action for lack of subject matter jurisdiction.

DATED: July 10, 2019

STEPHEN V. WILSON
United States District Judge